**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | | |
|---|---|---|
| **SCOTT & STRINGFELLOW, LLC,**<br>**d/b/a BB&T Capital Markets,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL NO. 3:10cv825-HEH-DWD** |
| | ) | |
| **AIG COMMERCIAL EQUIPMENT**<br>**FINANCE, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION

This matter is before the Court for resolution of non-dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) on the Plaintiff's Motion to Compel Withheld Documents (Docket No. 44). Pursuant to an Agreed Order entered on May 11, 2011 (Docket No. 51), the parties have resolved the dispute presented in the Motion, except that ten (10) documents were submitted to the Court for *in camera* review to assess whether any of those documents were privileged and, if so, whether the privilege has been waived. For the reasons set forth herein, the Plaintiff's motion is GRANTED, in part, and DENIED, in part. The Defendant shall produce documents numbered one (1) through eight (8) that were submitted for *in camera* review as they are not privileged; the Defendant shall not produce documents numbered nine (9) and ten (10) as they are privileged and the privilege has not been waived.

## I. BACKGROUND

This litigation arises from a contractual dispute between Plaintiff Scott & Stringfellow

and Defendant AIG Commercial Equipment Finance, Inc. ("AIGCEF" or "AIG").  The issue at bar arose when AIGCEF failed to produce a privilege log pursuant to Fed. R. Civ. P. 26(b)(5)(A)(ii), identifying those documents that it has withheld on the basis of attorney-client privilege to Scott & Stringfellow, prior to the deadline established by the trial court.  On April 23, 2010, Scott & Stringfellow filed a Motion to Compel Production of Documents (Docket No. 30), which is to be resolved by this Court, all pre-trial discovery matters having been previously referred for resolution (Order, Feb. 24, 2011; Docket No. 32).

AIGCEF produced an initial volume of documents on March 9, 2011, but it did not include a privilege log, as required, identifying those documents that it withheld on the basis of attorney-client privilege.  Pursuant to Fed. R. Civ. P. 30(b)(6), Plaintiff deposed AIGCEF's corporate designee and AIGCEF senior officials in April.  On April 19, 2011, eleven weeks after it received the request for production of documents, AIGCEF provided a privilege log to Scott & Stringfellow identifying 523 documents that it withheld from the March 9 production on the basis that each was protected by the attorney-client privilege.  In response, Scott & Stringfellow filed a Motion to Compel Withheld Documents (Docket No. 44), asserting that pursuant to E.D. Va. Loc. R. 26(c), AIGCEF waived its claim of privilege by failing to seek an extension of the fifteen-day deadline, and by failing to produce the documents by the January 20, 2011 deadline as specified in the Scheduling Order of the trial court (Docket No. 10).

AIGCEF agreed to release 513 of the documents, but it has retained ten (10) separate documents that it continues to assert are protected from disclosure.[1]  This Court agreed to review

---

[1] The Joint Motion to Resolve Plaintiff's Motion to Compel Withheld Documents (Docket No. 50) and the Agreed Order (Docket No. 51) make no mention of Scott & Stringfellow's claim for attorney's fees, which was articulated in its Memorandum in Support of its Motion to Compel (Docket No. 45).  Because the parties have represented that all issues are resolved except for the privilege issue related to the ten (10) subject documents discussed herein, the

the ten subject documents *in camera* for the purpose of determining whether AIGCEF waived its

claim to privilege by failing to meet the deadline established by the Scheduling Order of the trial

court, as amended.

## II. STANDARD OF REVIEW

The provisions of Fed. R Civ. P. 26 afford district courts broad discretion over discovery

matters. Crawford-El v. Britton, 523 U.S. 574, 598-99 (1998). Fed. R. Civ. P. 26(c) provides

that a court may may limit the time, place, and manner of discovery, or even bar discovery

altogether on certain subjects, as required "to protect a party or person from annoyance,

embarrassment, oppression, or undue burden or expense" upon a party's motion. The court may

also determine the sequence and timing of discovery. Fed. R. Civ. P. 26(d). Furthermore, the

issue of attorney-client privilege is generally left to the trial court's discretion, allowing the court

to interpret applicability of privilege in accordance with governing law and "in light of reason

and experience." Fed. R. Evid. 501. This Court has followed the Supreme Court's interpretation

that Rule 501 serves as a means of providing courts with flexibility. See Etienne v. Mitre Corp.,

146 F.R.D. 145, 146-147 (E.D. Va. 1993) (citing Trammel v. United States, 445 U.S. 40, 47

(1980) (stating that Rule 501 provides for development of privilege law on a "case-by-case

basis")).

## III. DISCUSSION

The issue presented for *in camera* review and resolution is whether Defendant, AIGCEF,

waived its attorney-client privilege as to disclosure of the ten subject documents by failing to

submit a privilege log by the court-mandated deadline. Attorney-client privilege, as recognized

---

Court concludes that the parties have, by their agreement, decided to bear their own costs and attorney's fees in
resolving the subject motion.

at common law, is addressed in Federal Rule of Evidence 501.  <u>Nellis v. Air Line Pilots Ass'n</u>, 144 F.R.D. 68 (E.D. Va. 1992).  "The purpose of the privilege is to promote 'full and frank communication between attorneys and their clients' and to serve the public interest in the administration of justice."  <u>Id.</u> at 70, quoting <u>Upjohn Co. v. United States</u>, 449 U.S. 383, 389 (1981).  Attorney-client privilege applies when the following conditions are met: (1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made (a) is a member of the bar of a court, or his subordinate and (b) in connection with this communication is acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding, and not (d) for the purpose of committing a crime or tort; and (4) the privilege has been (a) claimed and (b) not waived by the client.  <u>United States v. Jones</u>, 696 F.2d 1069, 1072 (4th Cir. 1982) (citing <u>United States v. United Shoe Machinery Corp.</u>, 89 F. Supp. 357, 358-59 (Mass. 1950)).

Attorney-client privilege is not generally favored by federal courts because it "impedes the full and free discovery of the truth," and is "in derogation of the public's right to every man's evidence."  <u>In re Grand Jury Proceedings</u>, 727 F.2d 1352, 1355 (4th Cir. 1984) (quoting <u>Herbert v. Lando</u>, 441 U.S. 153, 175 (1979).  As a result, the Fourth Circuit Court of Appeals, as the governing appellate authority for this Court, has determined that the attorney-client privilege is to be "strictly confined within the narrowest possible limits consistent with the logic of its principle."  <u>Id.</u>  Additionally, a party waives the privilege if it voluntarily produces the privileged document to a third party.  <u>New Bank of New England v. Marine Midland Realty Corp.</u>, 138

F.R.D. 479, 482 (E.D. Va. 1991).  There is no dispute that attorney-client privilege applies to

corporations or that attorney-client privilege may protect communications between in-house

counsel and corporation employees of all levels.  Jonathan Corp. v. Prime Computer, Inc., 114

F.R.D. 693, 696 (E.D. Va. 1987).  Of course, the party asserting attorney-client privilege has the

burden of demonstrating that the privilege is applicable.  Id. at 695.

**A.      Application of Attorney-Client Privilege**

In the instant case, Defendant AIGCEF bears the burden of demonstrating that the

attorney-client privilege protects the ten documents submitted as part of the parties' proposed

resolution of plaintiff Scott & Stringfellow's Motion to Compel Withheld Documents (Docket

No. 44).  A review of the ten documents submitted by AIGCEF reveals that the information

conveyed was confined to AIGCEF counsel and employees.  Therefore, the defendant AIGCEF

did not waive its attorney-client privilege by voluntarily disclosing the information to a third

party.

Using the test for applying attorney-client privilege adopted by the Fourth Circuit Court

of Appeals in United States v. Jones, two of the ten documents fall clearly within the protection

of the privilege.  696 F.2d at 1072.  The test stipulates that the lawyer must be acting in his

capacity as a lawyer in regards to the privileged communication.  Id.  Furthermore, the

communication must be for the purpose of "securing primarily either (i) an opinion on law or (ii)

legal services or (iii) assistance in some legal proceeding."  Id.

On the face of Documents 9 and 10, attorney-client privilege applies to protect the

communications therein.  Document 9 is written from in-house counsel/AIG employee to in-

house counsel and carbon-copies three AIG employees.  The face of the document demonstrates

that it is for the purpose of providing an attorney's opinion on a particular legal issue.  The

subject of the document, "ATTORNEY WORK PRODUCT," supports the legal nature of the communication between attorney and client, despite the author's signature as both an AIG employee and general counsel. Document 10 is a follow-up response to the initial communication in Document 9. As such, it too is afforded attorney-client privilege since it relates to the solicitation and provision of legal advice from AIG counsel to AIG employees.

However, the attorney-client privilege is not applicable to Documents 1-8 submitted by AIGCEF. The test established by the Fourth Circuit Court of Appeals indicates that the communication must be for the *purpose* of "securing primarily either (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding." <u>United States v. Jones</u>, 696 F.2d at 1072. (emphasis added). Although AIG general counsel was privy to the communications contained in Documents 1-8, this court concludes that the purpose of the communications was not the solicitation or provision of legal advice on any specified legal issue.

Document 1 involves an email chain of communications between various AIG employees and general counsel. The subject of the communications concerns a business meeting. The document makes no reference to any particular legal issue. While general counsel is a recipient of the email chain, the communications do not explicitly ask for legal advice, opinions, or oversight. Furthermore, the attorney's response is limited to clarifying a business issue and scheduling a meeting. Consequently, though the communication is between a client and attorney, Document 1 is not subject to the attorney-client privilege because the purpose of the document is not to provide an opinion on law, legal services, or to provide assistance in some legal context.

Document 2 is a "follow-up" to Document 1 in which an AIG employee who received the communication simply forwarded the communication to another AIG employee who was not an original recipient.  Document 2 simply serves the purpose of informing another employee of the business developments.  Thus, the original content of Document 1 was not altered by the communication in Document 2 such that an issue of legal proceedings, advice, or opinion was introduced, and Document 2 is not, therefore, a privileged communication.

Documents 3 and 9 are written by the same AIG employee, who holds two titles.  This employee serves as AIG Senior Vice President, an apparently business-oriented role, and as General Counsel, a clearly legal role.  In contrast to the author's clear demarcation of Document 9 as an attorney work product, his subject of Document 3, "BB&T fee", does not convey the same legal classification.  Document 9 includes phrases such as "You asked me for a summary of what I believe…"; "Accordingly, I believe we can reasonably take the position that…"; "I have some concern that…"; and "We should keep in mind…" In contrast, the content of Document 3 is more fact-based and less subjective.  At the end of the communication, the author does say "One could argue that…" and writes "note also."  However, based on the efforts to communicate intent and purpose in Document 9, versus the lack thereof in Document 3, Document 3 does not demonstrate that the communication is for the purpose of rendering an opinion on law, legal services, or to provide assistance in some legal context, and it is therefore not protected by attorney-client privilege.

Document 4 contains the same content as Document 3, but it has a different time stamp.  As such, it is also not protected by the attorney-client privilege for the aforementioned reasons.

Document 5 introduces new business-related information in reply to the content of the communication in Document 1.  The communication supplements Document 1 as a reply

suggesting a meeting time. For the same reasons applied to Documents 1 and 2, Document 5 is not, therefore, a privileged communication.

Document 6 is another "follow-up" to Document 3 and is written by the same author. The communication includes more factual information under the same subject heading. Document 6 does recite that one issue would need to be negotiated. However, based on the corporate, rather than legal, nature of the initial communication (Document 3) to which Document 6 is a response, the "negotiation" mentioned appears to be based on a purely business-related aspect of the subject transaction, not a legal aspect. As a result, Document 6 also fails to demonstrate that the primary purpose of the communication is to provide an opinion on law, legal services, or to provide assistance in some legal context. Document 6, therefore, is not protected by attorney-client privilege.

Document 7 is written by an employee of AIG whom defendant AIGCEF also claims is in-house counsel. On the face of the document, the author does not appear to be acting in his capacity as counsel. His title in the signature line refers to his AIG employee title, rather than legal counsel alone, indicating that this employee has a dual role at the company -- one business, one legal. Indeed, the subject matter of the communication is limited to a summary of a *business* meeting and asking a fellow AIG employee about future action to be taken. Although the communication contains a confidentiality notice at the bottom of the email alerting readers that the communication is forwarded by an attorney, the apparent purpose of the communication is neither the solicitation nor the offer of legal advice from a person acting in his capacity as legal counsel. Therefore, Document 7 is not protected by attorney-client privilege.

Document 8 is a follow-up to Document 1 sent by an AIG employee. The author does not introduce any legal question or solicit any legal advice. Therefore, Document 8 is not a privileged communication.

**B.  Prejudice**

The provisions of Fed Rule Civ. Pro 26 afford district courts broad discretion over discovery matters. <u>Crawford-El v. Britton</u>, 523 U.S. 574, 598-99 (1998). Thus, after determining which communications are protected by attorney-client privilege, this Court has considered the potential prejudice to each party. Upon review of the nature of the two communications subject to protection by the attorney-client privilege, this Court determines that the privilege should not be waived despite AIGCEF's failure to meet the deadline for submitting a privilege log.

In weighing the fairness of releasing documents protected by attorney-client privilege against the benefit of permitting the opponent to view that material, the Court has determined that the burden placed on defendant AIGCEF by denying the protection of the attorney-client privilege would result in a disproportionate and unfair consequence as compared to the potential benefit to Plaintiff Scott & Stringfellow. Therefore, Documents 9 and 10 will not be disclosed, but Documents 1-8 shall be disclosed as they are not subject to the protection of the attorney-client privilege.

## IV. CONCLUSION

For the reasons discussed herein, Plaintiff's Motion to Compel Withheld Documents (Docket No. 44) is GRANTED, in part, and DENIED, in part. The Defendant shall produce documents numbered one (1) through eight (8) that were submitted for *in camera* review as they are not protected by the attorney client privilege. The Defendant shall not produce documents

numbered nine (9) and ten (10) as they are privileged and the privilege has not been waived.

An appropriate Order shall issue.

_____/s/_____
Dennis W. Dohnal
United States Magistrate Judge

Richmond, Virginia
Dated: May 12, 2011