IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

SCOTT & STRINGFELLOW, LLC,   )
   d/b/a BB&T Capital Markets,   )
                                           )
           Plaintiff,   )
                                           )
v.   )   Civil Action No. 3:10CV825–HEH
                                           )
AIG COMMERCIAL EQUIPMENT   )
FINANCE, INC.,   )
                                           )
           Defendant.   )

## MEMORANDUM OPINION
(Defendant's Motion for Summary Judgment)

In this lawsuit, Scott & Stringfellow, LLC ("Scott & Stringfellow") has sued American International Group Commercial Equipment Finance, Incorporated ("AIGCEF") for breach of express and implied contract. The dispute concerns whether Scott & Stringfellow is entitled to a fee for services that it performed for AIGCEF in connection with the sale of a portfolio of municipal assets. Scott & Stringfellow's complaint alleges breach of contract, or in the alternative, quantum meruit and unjust enrichment.[1] This matter is now before the Court on a motion for summary judgment filed by AIGCEF. The parties have submitted detailed memoranda of law in support of their respective positions. The Court will dispense with oral argument because the facts and legal contentions are adequately presented in the materials presently before the Court

---

[1] The complaint originally included a claim under §§ 18.2–499 and 500 of the Code of Virginia, which was dismissed by the Court on April 8, 2011.

and argument would not aid in the decisional process. For the reasons discussed herein, AIGCEF's motion will be denied.

I.

In ruling on AIGCEF's motion for judgment on the pleadings, this Court noted that the contractual language at issue was susceptible to more than one reasonable interpretation, and therefore denied the motion as to the contractual and extra-contractual claims. At this later stage of the proceedings, the Court remains convinced that the contractual language is ambiguous based upon the record presented. The undisputed facts are as follows.

In September of 2008, Scott & Stringfellow and AIGCEF began discussions regarding the liquidation of municipal assets owned by AIGCEF. AIGCEF sought Scott & Stringfellow's assistance in disposing of the municipal assets in order to raise cash. On April 23, 2009, the parties entered into a contract in which Scott & Stringfellow agreed to "act as the exclusive structurer and placement agent in connection with the structuring and securitization of all or a portion ... of the referenced municipal assets in Appendix 1 (the 'Transaction')." (Am. Compl. Ex. A, at 1, ECF No. 17-1.) The contract further provided that "AIGCEF acknowledges and agrees that BB&T is AIGCEF's structurer and placement agent for the Transactions, and AIGCEF agrees to pay BB&T a structuring/placement fee not to exceed one percent of the aggregate principal amount of the municipal assets securitized in a Transaction upon the closing of each relevant Transaction." (*Id.* at 2.) The parties do not dispute that the contract, if performed,

clearly provides that Scott & Stringfellow is entitled to a fee amounting to one percent of the aggregate principal amount of the municipal assets securitized in such a transaction. The contract, however, neither defines the term "structuring" nor explicitly provides for a fee if the assets are disposed of by means other than securitization. These two issues form the basis of the dispute between the parties and are material to its resolution.

During 2009 and 2010, the parties repeatedly extended the contract to enable Scott & Stringfellow to complete a marketable securitization of the asset pool. However, in June of 2010, it became apparent to the parties that securitizing the assets would not accomplish AIGCEF's stated goal of obtaining the best possible return on the assets. As a result, Scott & Stringfellow explored alternative options, including a possible direct sale of the assets.

At some point after the possibility of a direct sale of the assets was raised, the parties agreed to bring in Bank of America Merrill Lynch ("BAML") as a co-manager of the project. Scott & Stringfellow and BAML worked collaboratively to develop a securitization strategy and explored other liquidation options. BAML also expressed an interest in possibly purchasing the portfolio of assets.

Thereafter, Scott & Stringfellow and BAML scheduled a meeting on October 20, 2010 with representatives of AIGCEF and AIG, Incorporated to discuss the feasibility of several asset liquidation options, including both securitization and a direct sale. Following this presentation, AIGCEF decided to sell the portfolio of municipal assets

rather than securitize them. On October 28, 2010, the assets were sold without securitization to BAML at a price of more than $400,000,000.

After the sale was completed, AIGCEF declined to pay Scott & Stringfellow the fee specified under the terms of the contract, or any other compensation for their services. As a result, Scott & Stringfellow filed this action against AIGCEF alleging breach of contract, quantum meruit, and unjust enrichment. Scott & Stringfellow seeks a fee of three percent of the value of the assets sold, which it claims is the usual fee in the industry for such a transaction, as well as other money damages.

## II.

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits or declarations, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a), (c). In assessing the legal viability of any claim challenged, the Court may grant summary judgment for any portion of a claim which fails to present a triable issue.

It is the responsibility of the party seeking summary judgment to inform the court of the basis for the motion and to identify the portion of the record which demonstrates the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986). Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment. *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994).

It is well established that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of *material* fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S. Ct. 2505, 2510 (1986) (emphasis added). Whether a fact is considered to be material is determined by the substantive law, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* A genuine issue concerning a material fact only arises when the evidence, viewed in the light most favorable to the non-moving party, is sufficient to allow a reasonable jury to return a verdict in that party's favor. *Id.*

### III.

AIGCEF contends that summary judgment is appropriate on count one because Scott & Stringfellow failed to complete a transaction as it was defined in the contract. In its view, structuring and securitization are essential components of the agreed upon transaction. Since a securitization did not occur, AIGCEF argues that no transaction occurred, regardless of whether structuring was accomplished. They contend that because Scott & Stringfellow did not complete the transaction, a breach of contract did not occur. Scott & Stringfellow counters by arguing that structuring and securitization services are distinct and that the meaning of "structuring" is ambiguous.

The breach of express contract claim is governed by New York law due to the choice of law provision in the contract, which the parties do not dispute. "Under New

5

York law the initial interpretation of a contract is a matter of law for the court to decide." *Alexander & Alexander Svcs., Inc. v. These Certain Underwriters at Lloyd's, London*, 136 F.3d 82, 86 (2d Cir. 1998) (internal quotations and citations omitted). Part of this interpretation includes a determination of whether the contractual terms are ambiguous. *Id.* "Contract language is ambiguous if it is capable of more than one meaning when viewed objectively by a reasonably intelligent person who has examined the context of the entire integrated agreement." *Collins v. Harrison-Bode*, 303 F.3d 429, 433 (2d Cir. 2002) (internal quotations and citations omitted). In the context of summary judgment, if the language of the contract is ambiguous and "'where there is relevant extrinsic evidence of the parties' actual intent,' then the contract's meaning becomes an issue of fact precluding summary judgment." *Alexander*, 136 F.3d at 86 (quoting *Seiden Assocs. v. ANC Holdings, Inc.*, 959 F.2d 425, 428 (2d Cir. 1992)).

In its Memorandum Opinion issued April 8, 2011 resolving AIGCEF's motion for judgment on the pleadings, the Court found that the term "structuring" was ambiguous because "a review of the context in which [structuring] is used yields multiple reasonable interpretations of its meaning." (Mem. Op. 7, April 8, 2011, ECF No. 40.) Now, at the summary judgment stage of the litigation, the Court finds that the record demonstrates that the meaning of the term "structuring" remains ambiguous because it is susceptible to

multiple reasonable interpretations, thereby making this critical element of the contract a material fact in dispute and rendering summary judgment inappropriate.[2]

Although AIGCEF argues to the contrary, the record belies their position. The Court has already held that the contract is ambiguous (Mem. Op. 7, April 8, 2011) and AIGCEF has not advanced any argument or evidence that changes the Court's initial impression. Furthermore, there is ample extrinsic evidence showing that Scott & Stringfellow intended the contract to mean something different than the interpretation AIGCEF now advances. For instance, the testimony of Steve Coma, Managing Director of BB&T Capital Markets, indicates that "structuring" "did not necessarily indicate securitization." (Coma Dep. 80:2–5). Ryan Lambert, Vice President of BB&T Capital Markets, also testified that a direct sale can be a type of structure and that a structure is "anything that brings value to a transaction." (Lambert Dep. 66:3–10). The Court's finding of ambiguity, together with the extrinsic evidence listed above, demonstrates that the contractual language at issue is a material fact in dispute. *See Alexander*, 136 F.3d at 86. Accordingly, the motion for summary judgment as to count one will be denied.

Summary judgment will also be denied as to counts two and three, which allege quantum meruit and unjust enrichment. The Court previously held that counts two and

---

[2] AIGCEF posits a new argument in its motion for summary judgment as to the meaning of the contract, namely that "structuring and securitization" refers to a single transaction and thus the failure to securitize the assets necessarily means that the transaction as a whole was not accomplished. Although this is a plausible reading of the contract language at issue, it is not the only reasonable reading. As the Court noted in its April 8, 2011 Memorandum Opinion: "One reasonable reading of the contract leads to the conclusion that it required Scott & Stringfellow to provide structuring services in furtherance of *any* type of transaction involving the assets that accomplished the stated goal of raising cash for AIGCEF." (Mem. Op. 7, April 8, 2011).

7

three fall outside the choice of law provision of the contract, and are thus governed by the law of the place where the contract was made—either Texas, North Carolina, or Virginia. (Mem. Op. 9, April 8, 2011). As AIGCEF notes, the substantive law of these three states regarding recovery for breach of express contract and implied contract in the same case is identical. *See Woodward v. Southwest States, Inc.*, 384 S.W.2d 674, 675 (Tex. 1964); *Vetco Concrete Co. v. Troy Lumber Co.*, 256 N.C. 709, 713 (1962); *Royer v. Board of County Supervisors*, 176 Va. 268, 279–80, 10 S.E.2d 876, 881 (1940).

The case law establishes, as AIGCEF points out, that where a valid contract exists covering the subject matter, there can be no recovery for implied contract. (Def.'s Mem. Supp. Summ. J. 17–18, ECF No. 59) (citing *Woodward*, 384 S.W.2d at 675). Yet the dispute here focuses on whether the contract covers the services that Scott & Stringfellow performed. Since it remains unresolved whether the contract covers the alleged services performed, Scott & Stringfellow is entitled to proceed in the alternative with its implied contract claims. *See Mikels v. Unique Tool & Mfg. Co.*, 2007 U.S. Dist. LEXIS 91814, at *23–24 (W.D.N.C. Dec. 3, 2007); *Carolantic Realty, Inc. v. Matco Group, Inc.*, 151 N.C. App. 464, 471 (2002); *cf. Royer*, 176 Va. at 279, 10 S.E.2d at 881 (holding that the plaintiff could not recover on quasi-contractual theory because the terms of the agreement specifically foreclosed him from recovering any fee unless a stated contingency occurred). AIGCEF's argument with regard to counts two and three is therefore without merit and summary judgment will be denied.

## IV.

For these reasons, AIGCEF's Motion for Summary Judgment will be denied as to counts one, two, and three. This Memorandum Opinion accompanies the Court's Order issued on June 10, 2011 (Dk. No. 63).

/s/
Henry E. Hudson
United States District Judge

Date: June 20, 2011
Richmond, VA